# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LUKE IRVING, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. CIV-24-1012-SLP |
| ) | |
| DR. SUSAN CAMPBELL, et al. ) | |
| ) | |
| **Defendants.** ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a *pro se* state prisoner, has filed a civil rights complaint. (Doc. 1). He has also filed an Application for Leave to Proceed *In Forma Pauperis* ("IFP," without prepayment of fees or costs) and supporting affidavit (Doc. 2 "Application"). United States District Judge Scott L. Palk referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). (Doc. 4).

The undersigned recommends that the court **deny** the Application because Plaintiff has incurred more than three strikes under the Prison Litigation Reform Act ("PLRA") and does not qualify for an exception. 28 U.S.C. § 1915(g). The undersigned further recommends the court dismiss this action without prejudice unless Plaintiff pays the full $405 filing fee within twenty-one days of any order adopting this Report and Recommendation.[1]

---

[1] The total filing fee includes a base fee of $350.00 and an administrative fee of $55.00. *See* 28 U.S.C. § 1914(a); *Judicial Conf. Sched. of Fees, Dist. Ct. Misc. Fee Sched.* ¶ 14.

I.   **Analysis**

   A.   **Plaintiff's Allegations**

On April 19, 2023 – one week after his transfer to Joseph Harp Correctional Center ("JHCC") – Plaintiff received a "Notice of Hearing to Consider Recommendation of Involuntary Administration of Psychotropic Medication" advising him of a hearing scheduled for the following day. (Doc. 1, at 9; *id.* at Ex. 1, at 1). He contends he was not allowed to speak or otherwise allowed to present his case at the hearing, and he was removed from the hearing after two minutes. (Doc. 1, at 9-10). Plaintiff contends he does not have a mental illness and that "JHCC staff never created or implemented any behavioral treatment plan prior to seeking involuntary medication." (*Id.* at 10).

On May 17, 2023, Plaintiff received another "Notice of Hearing to Consider Recommendation of Involuntary Administration of Psychotropic Medication," setting a hearing for the following day. (*Id.* at 11; *id.* at Ex. 3, at 1). Plaintiff contends he was "blindsided with a false allegation[,] interrogated[,] and the[n] arbitrarily removed" from the hearing "after a few minutes." (Doc. 1, at 12). He contends he was not allowed to hear or cross-examine any witnesses, and he was not allowed to call witnesses or speak on his own behalf. (*Id.*)

Plaintiff contends Defendants violated his due process rights based on the way they conducted hearings. (*Id.* at 9-13). He asserts that "as a direct result of such unfair hearings[,] Plaintiff was force medicated with [psychotropic] medications and remains so to the drafting of this complaint." (*Id* at 13). He seeks to have the court "enjoin the orders of the medication committee requiring him to be involuntarily medicated." (*Id.*)

2

### B. Plaintiff Has Accumulated "Three Strikes."

The PLRA includes a "three strikes" provision which curtails prisoners' ability to proceed IFP when they frequently file actions dismissed on certain grounds. *See Childs v. Miller*, 713 F.3d 1262, 1265 (10th Cir. 2013). Under this provision, a prisoner may not proceed IFP if he or she "has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The court may "raise the issue of strikes *sua sponte*." *Strope v. Cummings*, 653 F.3d 1271, 1273 (10th Cir. 2011).

Plaintiff admits he is "under 'three strikes' filing restriction." (Doc. 1, at 3). Additionally, the United States District Court for the Northern District of Oklahoma recently noted that Plaintiff has "accumulated at least three strikes." *Irving v. Haney*, Case No. 23-CV-0508-CVE-MTS, Order at 2 (N.D. Okla. Dec. 15, 2023); *see also Chrisco*[2] *v. Scoleri*, Case No. 20-1103, Order, at 2 (10th Cir. March 24, 2020) (noting that Plaintiff "filed three or more civil actions or appeals, while incarcerated, each of which was dismissed on the grounds that the action was frivolous, malicious, or failed to state a claim on which relief could be granted") (citing *Chrisco v. Holubek*, 711 F. App'x 885, 889 (10th Cir. 2017)).

---

[2] Plaintiff notes in the Complaint that he was "born as Luke Irvin Chrisco." (Doc. 1, at 4).

### C.     Plaintiff Does Not Satisfy the Imminent-Danger Exception.

Because Plaintiff has accumulated three strikes, the court cannot grant the Application to Proceed IFP unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To satisfy this exception, a prisoner is "required to make 'specific, credible allegations of imminent danger of serious physical harm.'" *Hafed*, 635 F.3d 1172, 1179 (10th Cir. 2011) (quoting *Kinnell v. Graves*, 265 F.3d 1125, 1127-28 (10th Cir. 2001)), *abrogated on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 534 (2015); *see also Davis v. Rice*, 299 F. App'x 834, 835 (10th Cir. 2008) ("To satisfy the imminent danger exception, a complainant must offer *specific* fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.") (internal quotations marks omitted).

The condition amounting to imminent danger must be present at the time the complaint is filed. *Id.* Additionally, "an inmate seeking the imminent danger exception must show a nexus between the imminent danger a three-strikes prisoner alleges to obtain [*in forma pauperis*] status and the legal claims asserted in his complaint." *Lomax v. Ortiz-Marquez*, 754 F. App'x 756, 759 (10th Cir. 2018) (internal quotation marks omitted), *aff'd*, 140 S. Ct. 1721 (2020). "To determine whether a nexus exists, a court should consider (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is *fairly traceable* to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would *redress* that injury." *Id.* (internal quotation marks omitted).

4

Neither the Application nor the Complaint contain allegations sufficient to amount to an imminent danger of serious physical harm.[3] While Plaintiff alleges he continues to receive medication against his will for conditions he contends he does not have, he has not asserted that he has been harmed by the medication or that he suffers from any physical injury as a result of its administration. Therefore, the undersigned finds Plaintiff did not adequately allege he is under imminent danger of serious physical injury and, as a result of having accumulated three strikes, must pay the filing fee in full.

## II.     Recommendation and Notice of Right to Object.

For the foregoing reasons, the undersigned recommends that the court **deny** Plaintiff's Application for Leave to Proceed IFP (Doc. 2). The undersigned further recommends that if Plaintiff does not pay the $405.00 filing fee in full to the Clerk of the Court within 21 days of any order adopting this Report and Recommendation, that this action be dismissed without prejudice to the refiling. LCvR 3.3(e).

**Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by November 1, 2024,** in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to make timely objection waives his right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

---

[3] "Although a prisoner should advance his allegations of imminent danger in his IFP motion, courts may also look to other filings as well." *Boles v. Colo. Dep't of Corrs.*, 794 F. App'x 767, 770 (10th Cir. 2019).

5

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge unless and until the matter is re-referred.

IT IS SO ORDERED this 11th day of October, 2024.

*Amanda Maxfield Green*
AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE