### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LUKE IRVING, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-24-1012-SLP |
| DR. SUSAN CAMPBELL, et al., | ) ) ) |
| Defendants. | ) |

### **O R D E R**

Plaintiff, a state prisoner appearing pro se, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his federal constitutional rights. The matter was referred to United States Magistrate Judge Amanda Maxfield Green pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) and Rule 72(b) of the Federal Rules of Civil Procedure.

On October 11, 2024, Judge Green issued a Report and Recommendation [Doc. No. 5] (R.&R.), in which she recommended denying Plaintiff's Application to Proceed In Forma Pauperis [Doc. No. 2] and dismissing the action without prejudice unless Plaintiff paid the $405 filing fee in full. In making this recommendation, Judge Green found that Plaintiff has incurred three strikes and does not qualify for the "imminent danger of serious physical injury" exception under 28 U.S.C. § 1915(g).

On November 4, 2024, Plaintiff filed an Objection [Doc. No. 6]. He does not specifically object to any findings made in the R.&R.[1] Instead, he states: "[i]f given time I can amend the Complaint to address the issue of serious bodily injury." Obj. at 1, ¶ 1.

## I. Plaintiff's Complaint

Plaintiff's Complaint alleges a violation of his federal due process rights in the course of hearings conducted at the Joseph Harp Correctional Center (JHCC) related to the "involuntary administration of psychotropic medication." Compl. [Doc. No. 1] at 9-13. Plaintiff alleges that as a "direct result" of these "unfair hearings" he "was force medicated with psychotropic medications and remains so to the drafting of this complaint." Compl. at 13. As relief, Plaintiff asks the Court "to enjoin the orders of the medication committee requiring him to be involuntarily medicated." *Id.*

## II. Governing Law

Section 1915(g) bars a prisoner from proceeding in forma pauperis if he has three or more prior dismissals that count as strikes, i.e., the action was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. An exception exists, however, if the prisoner "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).[2]

---

[1] Petitioner's failure to object waives further review. *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review.").

[2] Section 1915(g) provides in full:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior

**III.     Discussion**

Judge Green found that Plaintiff is not entitled to proceed in forma pauperis because he has incurred "three strikes" under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).  *See* R.&R. at 3.  Plaintiff does not object to this finding.

Judge Green further found that Plaintiff failed to show he was "'under imminent danger of serious physical injury.'"  *See* R.&R. at 4 (quoting § 1915(g)).  As Judge Green determined: "[w]hile Plaintiff alleges he continues to receive medication against his will for conditions he contends he does not have, he has not asserted that he has been harmed by the medication or that he suffers from any physical injury as a result of its administration."  *Id*. at 5.  Plaintiff did not object to any of these findings.  And the Court concurs with Judge Green's analysis.  *See, e.g., Lightfeather v. Lancaster Cnty. Courts*, No. 8:22CV360, 2023 WL 5508983 at *4 (D. Neb. Aug. 25, 2023) ("The forced administration of medication, on its own, does not necessarily create an imminent danger of serious physical injury [for purposes of § 1915(g)]." (collecting cases)); *see also Jackson v. Ind. Dep't of Corrs.*, No. 1:21-cv-00851-JMS-TAB, 2021 WL 12257091 (S.D. Ind. Apr. 15, 2021) (finding prisoner did not satisfy § 1915(g)'s "imminent danger" exception where he alleged he had been forced to take antipsychotic medications but failed to assert any serious physical injury from those medications"); *cf Gresham v. Meden*, 938 F.3d 847, 849-

---

occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

50 (6th Cir. 2019) (side-effects of antipsychotic medication prisoner was allegedly forced to take, including chest pains, muscular restlessness, seizures, vomiting, stomach cramps and dizziness, did not constitute "serious physical injury" under § 1915(g)).

As set forth, the only "objection" raised by Plaintiff is a statement that he "can amend the Complaint to address the issue of serious bodily injury."  In making this statement Plaintiff implicitly concedes that the Complaint and in forma pauperis Application contain insufficient allegations of serious bodily injury.[3]  Accordingly, the Court concurs with the findings made by Judge Green.  Although Plaintiff requests leave to amend, he fails to identify any facts that would be alleged in support of any amendment.  Moreover, the existence of an imminent danger of serious physical injury must exist at the time the original complaint was filed.  *Lomax v. Ortiz-Marquez*, 754 F. App'x 756, 760 (10th Cir. 2018) (citing *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)).  Accordingly, the Court denies Plaintiff's request for leave to amend.

## IV.   Conclusion

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 5] is ADOPTED and Plaintiff's Application for Leave to Proceed In Forma Pauperis [Doc. No. 2] is DENIED.  Plaintiff is directed to pay the full filing fee in the amount of $405.00 within twenty-one days from the date of this Order, or this matter will be dismissed without prejudice.

---

[3] As Judge Green acknowledged, "'[a]lthough a prisoner should advance his allegations of imminent danger in his IFP motion, courts may also look to other filings as well.'"  R.&R. at 5, n. 3 (quoting *Boles v. Colo. Dep't of Corrs.*, 794 F. App'x 767, 770 (10th Cir. 2019)).

IT IS SO ORDERED this 11th day of December, 2024.

                                                SCOTT L. PALK
                                                UNITED STATES DISTRICT JUDGE